W. E. WAGNON, GUARDIAN, v. HOUSTON & TEXAS CENTRAL RAILWAY COMPANY.

Decided November 4, 1905.

**Contributory Negligence—Switching in Railroad Yards—Injury to Foreman.**

While a railroad yard foreman was directing the cutting and switching of cars in the yards a car was kicked onto a side track, but it stopped too short to entirely clear the track it was moved from. The foreman then directed the next car, which he mounted, to be backed down the track, and when it struck the standing car at the switch intersection he was injured by the displacement of heavy timbers on the moving car. That the other car had not cleared the track was open and obvious. Held, that the foreman was guilty of contributory negligence debarring a recovery, although, but for negligence in improperly loading the timbers with no cleats across the top to hold them in place, the injury would not have occurred.

Appeal from the District Court of Waller. Tried below before Hon. Wells Thompson.

*J. V. Meek, W. H. Haynes, R. E. Hannay* and *R. E. Tompkins,* for appellant.

*Andrews, Ball & Streetman,* for appellee.—The trial court properly instructed a verdict for defendant, as the evidence for both plaintiffs and defendant affirmatively showed that the deceased's own negligence was the proximate cause of the accident resulting in his death. Cockrell v. Texas & N. O. R. R. Co., 11 Texas Ct. Rep., 45; Railway v. Clemons, 55 Texas, 88; Joske v. Irvine, 44 S. W. Rep., 1059; Railway v. Rucker, 61 Texas, 499; Johnson v. Houston & T. C. R. R. Co., 72 S. W. Rep., 1021; Burns v. Chronister Lumb. Co., 12 Texas Ct. Rep., 895.

GILL, CHIEF JUSTICE.—This suit was instituted by W. E. Wagnon as guardian of the persons and estates of John, Cleve, Maggie, Pearl and Ruth Werner, minors, to recover damages for the death.of their father, Andy Werner, who was alleged to have met his death through the negligence of the Houston & Texas Central Railroad Company, while in its service and employment.

The defendant interposed the pleas of contributory negligence, assumed risk, and that the accident was due to the negligence of a fellow servant. The court, after hearing the evidence, instructed the jury to return a verdict for defendant, which was done, and judgment followed accordingly. Plaintiff has appealed, and contends here that under the facts the cause should have been submitted to the jury.

The deceased, Andy Werner, was in the employ of the Houston & Texas Central Railroad Company as foreman of a switching crew in the Hempstead yards. On the morning of January 7, 1897, he was in the active discharge of his duties as foreman, and working under him and subject to his orders and direction were two switchmen and the engineer and fireman in charge of the switch engine. Through him and under his direction the cars composing freight trains which came into Hempstead over defendant's lines were disbursed and distributed among the various tracks at that point, or were embodied in other trains destined from that to other points.

On the occasion in question he and his crew were engaged in making up a local freight train which was to go out over the Austin branch of defendant's road, and, as made up, the cars destined to go out in that train were placed on what was known as No. 4 track. The cars intended to compose the train were mixed with other cars on the several tracks at that point, so that in order to get them together it was necessary to move and handle other cars also. Among the cars wanted were some cars of ties. The engine with several cars were backed, at Werner's order, onto track No. 2 and coupled onto a car of ties and thence pulled out onto tracks connecting with track No. 4 for the purpose of kicking the car of ties onto track No. 4. There were connected with the engine three box cars and a car of heavy bridge timbers called stringers, and a car of ties. Werner cut the car of ties loose and had it kicked onto track No. 4, but it stopped too short to clear the next track. He then threw the switch for track No. 2 and signalled the engineer to kick the car of bridge timbers onto track No. 2, where it was to be left, as it was not to form a part of the train. When he gave the signal he mounted the car of bridge timbers, and the engine was backed at a speed of about seven miles an hour, when the car of bridge timbers, in going toward track No. 2, collided with the standing car of ties on the approach to track No. 4. The collision caused the bridge timbers to slide onto Werner and injure him so that he died. That the car of ties had not gone far enough to clear the next track was patent, and should have been known to Werner.

Plaintiff claims that deceased's death was due to the fact that the bridge timbers were negligently and improperly loaded, in that they had no cleats across the top to hold the timbers in place. Defendant claims that even if this is true the accident would not have happened had the cars been prudently handled, and that the negligence of deceased in

leaving the car of ties at an unsafe point and carelessly signaling the engineer to back the train in on the next track contributed to cause the injury.

Appellants' assignment of error is not presented and developed by appropriate propositions in such a way as to require our notice, but as we have had to find the facts in order to properly dispose of the appeal, we have necessarily learned whether there was any merit in the point sought to be presented. We think it very clear that the undisputed facts acquit the company of liability, the contributory negligence of deceased and its causal connection with the accident being established beyond question.

The judgment of the trial court is therefore affirmed.

*Affirmed.*

Writ of error refused.